SLOMAN *v.* WILLIAM D. C. MOEBS CO.

1. INTOXICATING LIQUORS—LICENSE—INTERSTATE COMMERCE.
     Sales of liquor in original packages by a dealer whose place of
     business is in another State, from which the liquors are
     shipped, are interstate commerce and beyond local regula-
     tion, though both parties to the sale live in this State and the
     sale is made here.

2. SAME—STATUTES—CONSTITUTIONALITY.
     Section 4018, 1 Comp. Laws, attempting to regulate wholesale
     sales of intoxicating liquors in this State by nonresidents, is
     unconstitutional.

Error to Wayne; Brooke, J.     Submitted February 9,
1905.     (Docket No. 129.)     Decided March 14, 1905.

Assumpsit by Morris H. Sloman against William D. C.
Moebs Company for breach of a contract to purchase cer-
tain intoxicating liquors.     There was judgment for plain-
tiff, and defendant brings error.     Affirmed.

This case was heard by the court without a jury, and
the facts and law found as follows:

"FACTS.

"1. That on the 15th day of January, 1902, the said
plaintiff and the said defendant entered into a certain
contract, in words and figures as follows:

"'DETROIT, MICHIGAN, January 15, 1902.

"'For and in consideration of the discharge of a certain mortgage
made and executed the 17th day of June, 1901, by John Rivard, of
the city of Detroit, to the Crown Distilling Company, and recorded
in the office of the city clerk of the city of Detroit, on the 17th day
of June, 1901, and known as file number 5475, we hereby agree to
purchase from the Crown Distilling Company, four barrels of "400
Baltimore Rye" whisky within nine months from date, the same
to be billed at the lowest market price, and to be paid for within
four months from the date of shipment.

"'WILLIAM D. C. MOEBS COMPANY.'

"2. That during the year 1902 the said plaintiff was a resident of the city of Detroit, and had been such for a number of years.

"3. That during that time the said plaintiff was engaged in the wholesale liquor business, doing business under the name of the Crown Distilling Company, with his place of business in the city of Cincinnati, Ohio, and that he shipped liquors from the city of Cincinnati, Ohio, into the State of Michigan and other States, direct to his customers in the original packages, and not otherwise, and has no place of business in the State of Michigan, and did not have at the time of the execution of this contract, except an office in which he kept a few samples.

"4. That the said plaintiff personally sold whiskies throughout Michigan, Wisconsin, Ohio, and other States, and during the year 1902 sold in the State of Michigan about 100 barrels of whisky.

"5. That the said defendant company is a corporation operating in the State of Michigan, with its principal place of business in the city of Detroit, and made the contract for the purchase of said four barrels of whisky for use in a saloon on Woodward avenue, in said city of Detroit, to be shipped from Cincinnati in original packages.

"6. That on the 8th day of July, 1902, the said defendant company notified the said plaintiff of their refusal to accept or pay for the four barrels of whisky mentioned in said contract.

"7. That the said plaintiff paid no wholesale liquor tax in the State of Michigan for the year 1902, and did not have any wholesale license issued by the said State at the time the contract for the sale of the four barrels of whisky was made, or at the time when the defendant company refused to accept the same.

"8. That the loss of profits to the plaintiff on the sale of the four barrels of whisky amounted to $216.

## "LAW.

"1. That the said plaintiff is not a wholesale dealer in spirituous and intoxicating liquors under the laws of the State of Michigan, and therefore is not required to pay a wholesale liquor tax.

"2. That the plaintiff was, at the time of the execution of this contract, engaged in interstate commerce within the meaning of the interstate commerce clause of the Constitution of the United States.

"3. That the plaintiff, being so engaged in interstate commerce, was not required to comply with the laws of the State of Michigan in regard to the sale of intoxicating liquors at wholesale within the State of Michigan.

"4. That the contract sued on was and is a valid contract, and plaintiff is entitled to recover damages in the sum of $216, with interest thereon from July 8, 1903."

*John E. Moloney,* for appellant.

*Clark, Jones & Bryant,* for appellee.

GRANT, J. *(after stating the facts).* The sole objection to the defendant's liability is that the contract is not a legal one, because the plaintiff had not complied either with section 5379, 2 Comp. Laws, or with section 4018, 1 Comp. Laws. Section 5379 provides for a tax of $500 upon the business of selling spirituous or intoxicating liquors at wholesale, as a condition precedent to the right to engage in the business. Similar cases have been in this court before, and also in the Supreme Court of the United States.

Under the contract the goods were to be shipped in the original package from the State of Ohio into the State of Michigan. They were so shipped and delivered to the defendant. The transaction was interstate commerce, under *Lyng* v. *Michigan,* 135 U. S. 161; *Leisy* v. *Hardin,* 135 U. S. 100; *Scott* v. *Donald,* 165 U. S. 58; *Vance* v. *W. A. Vandercook Co.,* 170 U. S. 438. These and other cases are cited and discussed in the recent case of *American Express Co.* v. *Iowa,* 196 U. S. 133.

The fact that the plaintiff is a resident of Michigan, and that the contract was executed here, does not take the transaction out of interstate commerce and make it a State transaction. Plaintiff's place of business is in another State. His products are there manufactured, and shipped to other States in the original packages. The Constitution of the United States gives him this right, regardless of his residence. He is not engaged in selling the original packages after their arrival in the State,

within the decision in *Vance* v. *W. A. Vandercook Co.*, supra.

Act No. 217 of the Public Acts of 1885, being section 4018, 1 Comp. Laws, has been declared unconstitutional and void by the Supreme Court of the United States. *Walling* v. *Michigan*, 116 U. S. 446. That decision is binding upon us.

Judgment affirmed.

MOORE, C. J., and CARPENTER, MCALVAY, and HOOKER, JJ., concurred.